IN THE UNITED STATES DISTRICT COURT OF ALABAMA
FOR THE SOUTHERN DISTRICT
MONTGOMERY ALABAMA

UNITED STATES OF AMERICA,            :
          Respondent            :

       v            .

MATTHEW OKONKWO            :
    Petitioner            :

_____ :

**1:07cv1062-MHT**

CASE NUMBER: 06:CR-101-MHT

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255**

COMES NOW, Defendant Matthew Okonkwo, proceeding pro-se in this matter, respectfully moves this Honorable Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Petitioner is pro-se and thus, respectfully request that his pleading be construed liberally, and that the court should search for any "set of facts in support of his claims" in addition to the facts herein stated that would grant him relief, Haines v. Kerner 404 U.S. 519, 521 (1992).

As grounds for this motion, petitioner states that there exists clear and convincing evidence that counsel's performance during trial was deficient, hence coounsel rendered ineffective representation which prejudiced the petitioner, in violation of Sixth Amendment right to effective representation by counsel.

Wherefore, without counsel deficient performance, the result or outcome of the proceeding would have been different.

1

## LEGAL STANDARDS APPLICABLE TO CLAIMS
## OF INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amend. to the United States Constitution entitles a Criminal defendant to reasonable assistance of counsel, Strickland v. Washington 466 U.S. 668, 686(1984). "The right to counsel is a fundamental right of criminal defendant; it assures the fairness, and thus the legitimacy of our adversary process", Kilmmelman v. Morrison, 477 U.S. 365, 373(1986).

And to ensure that defense counsel upholds the adversarial process established by the Sixth Amend., the right to counsel is defined as the right to the effective assistance of counsel, Strickland at 686 (citing Mcmann v. Richard 397 U.S. 759, 771(1970). Thus, when a criminal defendant does not receive the effective assistance of counsel at trial or sentencing as is evident in the instant case, the adversarial process is said to have been compromised, requiring the reversal of conviction or correcting of sentence.

As an acceptable practice, the benchmark for judging a claim of ineffectiveness is " whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied as having produced just result." Strickland at 686. However, even a single error can rise to level of ineffective assistance of counsel if:

(1). It falls below the standard of reasonable performance under prevailing professional norms; and

(2). There is reasonable probability "that but for counsel's unprofessional errors, the result of the proceeding would have been different." id. at 687-88. On a scale of evidentiary burdens, a reasonable probability is shown by less than a preponderance of the evidence and "sufficient to undermine confidence in the out come." id. at 693-694.

2

As the evidence will show herein, counsel was not prepared to effectively defend the petitioner, or at least make the effort to avoid going to trial, hence counsel had no theory of defense in place to determine what matters of defense can be developed, but rather relied on the prosecution presenting a weak case. As the Supreme Court held in Pension v. Ohio 488 U.S. 75, 88(1988), a "pervassive denial of counsel casts such doubt on the fairness of trial process that it can never be considered harmless." Wherefore, petitioner respectfully submits that this test herein stated, should govern all his claims of ineffective assistance of counsel.

## STATEMENT OF ISSUE RAISED PURSUANT TO § 2255.

1. (A) WHETHER TRIAL COUNSEL'S INADEQUATE PRETRIAL PREPARATION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

   (B) WHETHER COUNSEL'S FAILURE TO ADEQUATELY INVESTIGATE THE PROSECUTION'S CASE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, PARTICULARLY, THE PLAUSIBILITY OF THE EVIDENCE, LIES TOLD UNDER OATHS BY SPECIAL AGENT LARRY ELLIS, AND PROSECUTION WITNESSES.

   (C) WHETHER COUNSEL WAS INEFFECTIVE BY HIS FAILURE TO CONDUCT ADEQUATE PRETRIAL INVESTIGATION INTO DEFENDANT'S LINE OF BUSINESS, ESPECIALLY INCOME TAX RETURN PREPARATION, ELECTRONIC FILLING, AND EMPLOYEES.

   (D) WHETHER COUNSEL'S FAILURE TO ADEQUATELY ADVISE DEFENDANT TO CONSIDER THE PROFFERED PLEA FROM THE GOVERNMENT, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

   (E) WHETHER TRIAL COUNSEL'S INADEQUATE PRETRIAL INVESTIGATION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, PARTICULARLY THE STATUTE OF LIMITATIONS FOR FALSE CLAIM OF INCOME TAX REFUND.

   (F) WHETHER COUNSEL'S FAILURE TO INVESTIGATE AND PRESENT MITIGATING FACTORS AT SENTENCING, FURTHER HEIGHTENS HIS INEFFECTIVE REPRESENTATION OF COUNSEL.

STATEMENT OF THE CASE

On or about April 5th, 2006, a grand jury for the Middle District of Alabama returned a twelve count indictment against petitioner and Jonathan Adewunmi. Count 1 charged petitioner Mr. Okonkwo and Mr. Adewunmi with conspiracy to defraud the United States for the purpose of impending, obstructing, and defeating the lawful Government functions of the Internal Revenue Service in ascertainment, computation, assessment, and collection of income taxes, in violation of 18 U.S.C. § 371. Count 2-12 charged both defendants with willfully aiding and abetting assisting in the preparation and presentation to the IRS of 11 separate U.S Individual Income Tax Returns for the calendar year 1999, which were false and fraudulent as to material matters, in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. Thereafter, petitioner pleaded not guilty and and case proceeded to trial.

District Court Disposition

Petitioner's trial commenced on October 31st, 2006, within two days of trial, the jury returned a guilty verdict. And on January 18, 2007, the District Court sentenced petitioner to 24 months on each count, all to run concurrently. During the sentencing hearing, the court clearly stated its intent to show empathy, but alluded to not having the discretion to grant a lower sentence than stipulated in the guidelines.

The court's sympathetic comments pointed to the direction of a lower sentence than recommended, if only a reasonable mitigating factor was presented by counsel. Nonetheless, defense counsel did not articulate any reason that would be considered by the court.

4

APPEAL:

On appeal, the petitioner's attorney raised that trial court err in not granting, at least in part, the Defendant's MOTION FOR JUDGEMENT OF ACQUITAL. THE APPEAL COURT AFFIRMED on ground that the defendant admitted to be the president of Eagle Financial Services ("EFS") and Rainbow Tax Service ("RTS"), (2) that defendant stated that he was the only one person to electronically file the 1999 tax returns. The second statement is incorrect given the fact that the petitioner never admitted or said so. The Appeal Court also stated that the element of willfulness or intent is the most difficult to prove. However, in the instant case it was very easy for prosecution to prove simply because there was no pre-trial investigation by the trial counsel.

## SUMMARY OF THE ARGUMENT

Petitioner's motion pursuant to 28 U.S.C. §2255, is predicted on the cumulative deficient performance of trial counsel, which prejudiced the petitioner. Particularly, counsel's inadequate trial preparation which call into question the defense theory and strategy if any.

The record in the instant will show that the defense did not present one single evidence or witness, simply because there was no investigation conducted by counsel prior to commencement of trial. On the contrary, the government tendered over (50) evidences [Exhibits, see vol. 1 page 4 trial transcript], without any objections from the defense. Counsel inadequate trial preparation is further heightened by the fact that counsel never answer or return call, nor visit with defendant. Counsel only communicated with petitioner once, a week before trial began; in that visit counsel promised to come a day or two before trial but failed as usual. The only place petitioner can see counsel was at court during trial and there was no time to even talk with him.

Hence, for case of this magnitude, with seemingly constructive evidence, adequate trial preparation was paramount, as that would have helped defense determine whether to proceed to trial or the alternative, negotiate a plea. Regretably, trial counsel did not understand the evidence, the readiness of the prosecution's case.

Thus, without such knowledge of the strength of the prosecution's case, and a viable counter defense theory, the decision of whether to proceed to trial or rigorously pursue a plea bargain, became indeterminate. Although counsel is permitted great latitude in how he manages his case, his discretion is not limitless, hence, the courts have held that defense counsel failure to investigate cannot be construed as a sound defense strategy, Holsomback v. White, 133 F.3d 1382 (11th Cir. 1998); William v. Ward, 110 F.3d 1508 (10th Cir. 1997); Nuttal v. Greer, 764 F.2d 462 (7th Cir. 1985). As the Court held in Strickland, at onset of every case, counsel has an obligation to conduct a reasonable amount of pretrial investigation. Also, see Nealy v. Cabana 764 F.2d 1173 (5th Cir. 1985).

Petitioner's case at trial was devoid of trial strategy and theory of defense, exemplified by counsel's lack of knowledge of what petitioner's line of business as a tax preparer, electronic filer, check cashing, and employees. There is no way possible the defendant could single handed prepare over a thousand individual and corporate income taxes, transmit and print checks during tax season. Defendant cannot even type 10 words per minute but in the instant case prosecution claim that defendant prepare all the tax without single objection from trial counsel, because he has no knowledge of the case. Wherefore, for reasons stated herein, petitioner prays this court to hold a evidentiary hearing that would further prove petitioner's contentions  and would grant relief, as herein sought.

6

ISSUE 1. (A)

WHETHER TRIAL COUNSEL'S INADEQUATE PRETIAL PREPARATION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.


Petitioner's claim of ineffective assistance of counsel like other collateral reviews, is governed by the familiar two-part test announced in Strickland v. Washington. Under that test, petitioner must demonstrate that: (1) defense counsel's performance was constitutionally deficient (that is, it fell below an objective standard of reasonableness), and (2) there is a reasonable probability that, but for counsel's errors, the out come of the proceeding would have been different. At the gist of the case at bar, is the contention that trial counsel did little or no pretrial investigation. Indeed, counsel's lack of investigation, thus inadequate knowledge of the petitioner's case, exposed petitioner to 24 months in prison, over $57,000.00 in special assessment fees and restitution, and 3 years of supervised release.

The need for an adequate pretrial investigation was best explained in Holsomback v. White, 133 F.3d 1382 (11th Cir. 1998); Battenfield v. Gibson, 236 F.3d 1215 (10th Cir. 2001), holding that because the adversarial testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies, [the Supreme Court has] noted that "counsel has a duty to make reasonable investigation or to make reasonable decision that makes particular investigations unnecessary.", quoting Kimmelman v. Morrison 477 U.S. 365, 384 (1986), quoting Strickland at 691.

Understandably, the amount of investigation will usually depend upon the number of issues presented, the complexity of those issues, and the respective strategies of opposing counsel, including the strength of the prosecution's case. Hence, only when reasonable investigation has been performed is counsel in a position to make tactical decisions, which may not be limited to taking the case to trial but may include the option of pursuing a reasonable plea agreement.

However, the record from trial when judged from defence presentations, particularly cross-examinations of the various government witnesses, will clearly show that counsel was not adequately prepared to face the well rehearsed, and experienced government witnesses. Case in point, the record show that counsel was not prepared, thus failed to reasonably cross-examine two of the government's witnesses Ms. Charllotte Green and Ms. Evette Thomas. Ms. Green is a family friend and regular customer of the defendant, who has been doing her taxes for over six years before this case. During those years up to 2006, there was never a time defendant has asked Ms. Green for extra money from her refund check other than regular tax preparation and bank fees already deducted by Household Bank. However, Ms. Green came to my office with Mr. Adewunmi behind her to ask me if Mr. Adewummi could do her taxes, being that he was working for Eagle Financial Services, I told her yes and both of them left to Mr. Adewunmi,s office. Ms. Green never came back to me about her experience with Mr. Adewunmi, so defendant thought everything was okay until this case in 2006. This happened in 2000 and Ms. Green continue to do her taxes with defendant. Even during Grand Jury Trial, the government asked Grand Jury to excuse them, during which the government took Ms. Green outside for possible briefing as to what to say. Thereafter, the trial continued because the government don't want Ms. Green to tell the truth. See Grand Jury Trial transcript under Ms. Green. Defendant has no idea that Mr. Adewunmi took extra $1000.00 from Ms. Green and did her tax with fake W-2 form from his business, and leaving her with only $1000.00 of her refund check when she always receive over $2500.00 every year since defendant has been doing her income taxes.

Counsel did not reasonably cross-examine this witness and does know whether she was telling the truth or not because there was no pretrial investigation into prior business dealing between the defendant and Ms. Green which if revealed would have shown that defendant has no knowledge of what Mr. Adewunmi was doing. The testimony of Ms. Charllotte Green was critically strategic for the government

because it was intended to prove that the defendant had "knowledge" of what Mr. Adewunmi was doing. Whereas, defendant do not know what he was doing quite frankly. Hence it was a pre-emptive counter-punch of any testimony from the defendant that would slightly suggest that she did not give defendant $1000.00 but she gave it to Mr. Adewunmi without the knowledge of the defendant. Ms. Evette Thomas testified that defendant was the only person who prepare taxes, transmit, and print checks. She also testified that defendant was the only one who fill out deposit slip, all her testimonies are untrue because there is no way defendant could do over a thousand individual income taxes. Again defendant don't even fill out deposit slip because Kim Starling cashes check for customers and employees and deposits. Again, any person can transmit and Kim Starling prints checks and distribute them according. Defendant belief she cashes and deposited to checks for Mr. adewunmi without knowing what he was doing. Secondly, the hand writing of those pay in slip are not same. In essence, counsel's failure to acquire information about government potential witnesses such as Ms. Green and Ms. Thomas, cannot be considered "strategic decision" given that the courts have held that "collecting cases and facts, and discussing how decision made ignorance of relevant facts and law cannot be characterized as strategic under Strickland. Also, Bryan v. Gibson, 276 F.3d 1163 (10th Cir. 2001).

Although the court did not note that defense counsel's decisions regarding how best to cross-examine witnesses, presumptively arise from sound trial strategy, Pickens v ibson, 206 F.3d 988 (10th Cir. 2000).However, it has been widely agreed that counsel's failure to investigate must be product of a reasonable decision that the particular investigation is unnecessary or it is deficient. See Fisher v. Gibson, 282 F.3d 1283 (10th Cir. 2002). Thus, the court in Fisher v. Gibson that counsel's uncontroverted failure to investigate some of the most obvious aspect of the case was unreasonable and deficient. And likewise in the instant case, counsel failure to confront or cross-examine Ms. Green and Ms. Thomas was due to counsel not conducting a pretrial investigation

9

of the witnesses.

Hence, the importance of cross-examining a witness has been said to increase in proportion to the witness's testimony to prosecution's case. See David v. Alaska, 415 U.S. 308 (1974). Further, the Davis court stated that "the main and essential purpose of confrontation (i.e cross-examination) is to secure for the opponent the opportunity of cross-examination". Also, expounding that cross-examinations is the principal means by which the believability of a witness and the truth of his testimony are tested. In the instant case however, a reasonable inference could be drawn from counsel's failure to confront prosecution witness, Ms. Charllotte Green and Evette Thomas, and that is, that the defense believes all their testimonies. Such a supposition by counsel is tantamount to no defense strategy.

Certainly, prudent trial strategy do require that at a minimum, counsel has the duty to interview potential witnesses, and to make an independent investigation of the facts and circumstances of the case. Although counsel is entitled to substantial deference with respect to strategic judgement, he still must investigate a case when he has cause to do so, in order to provide minimally competent professional representation. As the Court in Medina v. Barnes, 71 F.3d 363 (10th Cir. 1995), reversed and remanded when trial counsel failed to adequately investigate prosecution witness. Likewise, this Honorable Court should find prudent and in the interest of justice to find counsel's representation deficiently prejudicial, given his failure to adequately investigate this instant case, and denial of defendant's confrontation clause. See Delaware v. Arsdall, 475 U.S. 673 (1985).

Wherefore, the importance of pre-trial investigation was furthered by the recent Supreme Court's decision in Rumpilla v. Beard, 125 S.CT. 2456 L.ED 2d 360 (2005). Reaffirming that a trial counsel's performance cannot be found adequate if it is supported with unreasonably limited investigation. Also, in Bullock v. Carver, 297 F.3d 1036 (10th Cir. 2002), where it was held that counsel's failure

10

"to conduct investigation that would have uncovered extensive records..., could not be considered strategic". And his decision not to cross-examine the witness cannot be accorded the same presumption of reasonableness, as is accorded most strategic decisions."

Hence, if counsel had made efforts to conduct adequate pre-trial investigations, such efforts should have included the defendant, that is counsel would have met and spent several hours with defendant who knows what transpired, and could help provide necessary evidences or clues to such evidences that may be needed to confront the prosecution. On the contrary, counsel met the defendant once and it is a week before the commencement of trial and there was no trial strategy discussed. Counsel was actually preoccupied with other duties as he stated during trial that he has other case to attend and wanted the court to excuse him when the time comes. See his opening statement in the trial transcript.

Wherefore, this honorable court should conduct an evidentiary hearing that would further enunciate the facts about counsel's inadequate pre-trial investigation, thus petitioner would be guaranteed relief as herein sought.

ISSUE 1. (B)

WHETHER COUNSEL'S FAILURE TO ADEQUATELY INVESTIGATE THE PROSECUTION'S CASE
CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, PARTICULARLY, THE PLAUSIBILITY
OF THE EVIDENCE, LIES TOLD UNDER OATHS BY SPECIAL AGENT LARRY ELLIS, AND
PROSECUTION WITNESSES.

Petitioner avers that trial counsel  failed to conduct a pre-trial investigation
of government's case.  Particularly, the strength and plausibility of the
prosecution's evidence; plain lies told by special agent Mr. Larry Ellis, and other
prosecution witnesses who are key to the presentation of the case. Obviously, for
defense to have a chance to impeach the prosecution's witnesses, there has to be
some background investigations, and record of who these witnesses are, their
credibilities and so forth.

Furthermore, for the defense to make a reasonable strategic decision of
whether to take the case to trial or to opt for a plea negotiation, there has to
be adequate investigation of the prosecution's case ( the evidence in particular).
As the record would show, the government used about 15 witnesses to build their
case. Two of these witnesses are Internal Revenue Service special agents by name
Larry Ellis and Tim Wilson. Larry Ellis lied before the United States Court Judge
under oath in 2001 when he obtain search warrant and before Grand Jury  in 2006
again under oath that the defendant was arrested in Brussel, Belgium in connection
with drug trafficking and that drug was bound to United States. That the defendant
was barred from United States forever. He also mention that the drug is heroin
and that arrest was in 1990. This lies, quite frankly devastated defense case.
The government also presented over 50 Exhibits into evidence. On the contrary,
the record would show that the defense did not: (i) present any evidence; (ii)
did not call any witness; (iii) did not object to the evidences tendered by the
prosecution; (iv) defense counsel depended on the testimony of the prosecution
witnesses to build a case.

Also, given that counsel had no background records of the prosecution's
witnesses, the defense cross-examination was based on whatever information was
gleaned during the direct examination of each of the witnesses by the prosecution.
12

Hence, without prior background records of the witnesses, the defense had not much chance to either impeach the witnesses,or put their credibilities to the test before the jury.

Obviously, the /record showed that most of the prosecution's witnesses are seasoned experts and all prosecution's witnesses must have been well rehearsed. Thus, their corroboration of the government case was a given and their errors on the stand minimized. Arguably, had counsel made adequate pre-trial investigation of the prosecution's case, he would have been able to create reasonable doubt, and probably impeached some of the prosecution's witnesses especially Mr. Larry Ellis and Tim Wilson. Accordingly, in Medina v. Barnes, 71 F.3d 363 (10th Cir. 1995), the defendant after his conviction for murder, discovered that two government witnesses who had testified, had lied about their background record. And on the discovery, the court found counsel ineffective for his failure to adequately investigate prosecution's witnesses. Falsehood is deemed to be material if there is any reasonable likelihood that false testimony could have affected the judgement of the jury", Ventura v. Attorney General, 417 F.3d 1269 (11th Cir. 2005), quoting United States v. Agurs, 427 U.S. 103, 96 S.Ct 2392, 2397, 49 L.Ed.2d 342 (1974).

And apart from the need to impeach government's witnesses, an adequate investigation of the prosecution's case, with a reasonably realistic understanding of the odds against the defendant, would influence the defense decision on whether to proceed to trial or in the alternative pursue a plea negotiation. Thus, in Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir. 1995), the Court considered the potential value to defense of evidence counsel might have discovered, if adequate pre-trial investigation was conducted. Similarly, the instant case presents, a scenario that shows that an opportunity to either negotiate a plea, or impeach the prosecution witnesses, was lost due to counsel's inadequate understanding of the government's case.

13

<u>ISSUE 1. (C)</u>

WHETHER COUNSEL WAS INEFFECTIVE BY HIS FAILURE TO CONDUCT ADEQUATE PRETRIAL
INVESTIGATION INTO DEFENDANT'S LINE OF BUSINESS, ESPECIALLY INCOME TAX RETURN
PREPARATION, ELECTRONIC FILLING, AND EMPLOYEES.

Petitioner would further state that counsel deficient performance in the instant case was exacerbate by counsel's inadequate investigation of the defendant's line of business, particularly electronic tax filling and check cashing. Thus counsel was unaware of the following:-

(i) Counsel fail to investigate the details of customer service offered by Eagle Financial Services.

(ii) Counsel fail to investigate and thus had no knowledge of number of employees at who actually worked at Eagle Financial Services in the tax season of 1999. The counsel did not know that Freedom Ebikake, April Hudspeth, Angela Poke also worked with defendant the tax year in question.

(iii) Counsel failed to investigate and thus had no knowledge electronic filling and function of server. Even trial counsel admits having no knowledge of the case when he says "the way you described it to me, and am not very technological, but y'all are on a server system at this office at this time, correct?". See trial transcript page 31, line 14-15. Tax return can be prepared from any computer associates with that server and checks also can be printed as well.

(iv) Counsel failed to investigate and thus had no knowledge of software used in preparing the 1999 individual income tax and its features.

(v) Counsel failed to subpoena Petz Enterprises, the software developers who designed developed the 1999 Individual Income Tax program used in the tax year in question to shed light on its functions.

14

(vi) Counsel failed to use potential customers who has done business with defendant since 1992 as witnesses to impeach some of government's witnesses' testimony.

(vii) Counsel did not make adequate effort to meet the defendant prior to trial to discuss possible strategies for trial or the option for a negotiated plea. Actually, counsel met with the defendant only once prior to trial in which few discussions was held but nothing concrete.

(viii) Counsel failed to prepare defendant to take witness stand, instead he advised defendant not to testify because prosecution presented weak case. Counsel's advise not to testify because prosecution had weak case, expose defendant to 24 months in imprisonment, $57,000.00 in restitution, special assessment fees, and 3 years of supervise release.

((ix) Counsel failure to conduct pretrial investigation, cost the defendant an opportunity to unearthen any evidence that could have been used to mount a reasonable defense. As indeed there was no single evidence presented by counsel during trial.

However, counsel's failure to adequately investigate the circumstances surrounding defendant's case caused this petitioner additional prison term. Hence, given that the Strickland court has held that "any amount of jail time has Sixth Amendment significance, which constitute prejudice for the purpose Strickland test", required to prove an ineffective assistance of counsel, the facts herein stated, have amply shown that there was gross deficiencies in the way counsel handled the instant case. Wherefore, this Honorable court should hold an evidentiary hearing to ascertain the facts which would grant petitioner the relief herein humbly sought.

ISSUE 1.(D)

WHETHER COUNSEL'S FAILURE TO ADEQUATELY ADVISE DEFENDANT TO CONSIDER THE PROFFERED PLEA FROM THE GOVERNMENT, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

There is no gainsaying that path of the Sixth Amendment guarantee to effective representation, covers not only cases proceeding to trial but extends to possible plea negotiation. See United States v. Gordon, 156 F.3d 376 (2nd Cir.1998),stating that defendant's Sixth Amendment Right extends to "all critical stages in the proceeding, including plea negotiations.

Hence, counsel in the case at bar, has a professional duty to adequately inform defendant about the considerations that are relevant to his decision to accept or deny a plea bargain. And given the facts on record, the government did proffer a plea, but counsel was nonchalant while discussing the prospects of the plea with the defendant. Although a defendant has no constitutional right to any plea bargain, as it is a discretion of the government. But once a plea is offered, it materially changes the nature of the proceeding by presenting a choice of divergent road.

Reasonably, had counsel done a thorough investigation of the case at bar (particularly the evidence stacked against the defendant), the strategic decision to proceed to trial or opt for the proffered plea, would have been easily determined. Hence, had counsel spent enough time with the defendant prior to trial, the petitioner would have accepted a guilty plea. As was held in the sister circuit, that when an ineffective assistance of counsel has deprived a defendant of an opportunity for a plea bargain, the court may chose to vacate the conviction and return the parties to the plea stage. See Riggs v. Fairman, 399 F.3d 1179 (9th Cir. 2005). quoting United States v. Gordon. Petitioner in the instant case, had an opportunity to plea to a lesser sentence than was exposed by counsel's decision to go to trial. Wherefore, counsel's decision to proceed to trial was unreasonable, a total ignorance of the mountain evidence stacked against defendant.

16

There is no doubt that the counsel through pretrial investigations, would have discovered them. And these evidences, direct and circumstantial, some very unusual and contrary to the norms of the tax preparation and electronic filling industries, should have 'screamed' at or (questioned) the defense option to take the case to trial. A decision that has unbearably exposed this petitioner to a prison term of 24 months, over $57,000.00 in restitution, special assessment fees, and 3 years of supervise release, against a much lesser sentence if a plea negotiation was indulged. Thus, the "knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plea guilty" <u>Id Gordon.</u>

ISSUE 1(E)

WHETHER TRIAL COUNSEL'S INADEQUATE PRETRIAL INVESTIGATION CONSTITUTED INEFFECTIVE
ASSISTANCE OF COUNSEL, PARTICULARLY THE STATUTE OF LIMITATIONS FOR INCOME TAX
REFUND.

Petitioner would state that counsel's failure to investigate case before
and during trial exposed defendant to pay restitution of fifty thousand, three
dollars. Had counsel conducted pretrial investigation, he would have discovered
that statute of limitations concerning false claim of income tax refund have long
expired before the indictment of defendant in April 2006. The offense was said
to be committed in April 2000. Five years is statute of limitations for filling
false income tax refund claim. In the instance, five years for the statute of
limitations run out in 2005.

The Criminal Tax Manual 7.00..Statute of Limitations states that. "No person
shall be prosecuted, tried, or punished for any of the various offenses arising
under the internal revenue law..., and generally, the statute of limitations
begins to run when an offense is committed. Toussie v. United States, 397 U.S.
112, 115 (1970). Also, 7.01[1] Limitations periods for common tax offense states:
"False Claim for Refund 18 U.S.C. §286/287 5years 18 U.S.C. §3282. A copy of the
Criminal Tax Manual 7.00..STATUTE OF LIMITATIONS is hereby attached as EXHIBIT
1.

In the instant case, counsel simply did not care to conduct adequate
pretrial investigation as to put prosecution's allegations to test. The defendant
tries on numerous occasion to reach trial counsel over the phone, concerning
statute of limitations and when he failed to answer his phone or return any call,
letters were sent. Still no response from trial counsel. Defendant again reminded
him at court he said he has already checked into it. Thus, Appeal Court held
that: "Informed 'strategic or tactical decision on the part of counsel are
presumed correct, unless they were completely unreasonable, not merely wrong'."
Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000). Appeal Court also held

that: (1) trial counsel's decision not to conduct any investigation into conceded lack of medical evidence of sexual abuse was not reasonable, and

(2) Counsel's failure to conduct adequate pretrial investigation into lack of medical evidence prejudiced defendant. Holsomback v. White, 133 F.3d 1382 (11th Cir. 1998).

As the record would show, counsel's failure to conduct adequate pretrial investigation resulted in the Jury returning guilty verdict against defendant and on sentencing day, was sentenced 24 months on each count, ordered to pay restitution on tax refund of $56,003.00, and $1200.00 special assessment fee. This restitution was based on the total amount of refund of false income filled in 2000. Again, trial counsel simply did not care, and failed to conduct adequate pretrial investigation.

Wherefore, this Honorable Court should conduct an evidentiary hearing that would further enunciate the facts about counsel's inadequate pretrial investigation, thus, petitioner would be guaranteed relief as herein sought.

ISSUE 1.(F)

WHETHER COUNSEL'S FAILURE TO INVESTIGATE AND PRESENT MITIGATING FACTORS AT
SENTENCING, FURTHER HEIGHTENS HIS INEFFECTIVE REPRESENTATION OF COUNSEL.

The records and facts of the at bar, would amply support that counsel did not
investigate, prepare or present any mitigating circumstances that may warrant the
court to sentence petitioner below the guideline range, albeit, there exists
evidence that the Judge would have been sympathetic to defendant.

Indeed, the judge leaned towards a lower sentence, but for counsel's failure to
provide the court with mitigating circumstances, the court opted for the higher
guideline range of 24 months. Seemingly, the court had discretion under the
sentencing guideling to go below the prescribed guideline range if the defense
was articulative to present provisions of § 5353(a). Even the judge asked several
times if defense counsel was seeking lower sentence under that § 5353.

Apparently, had counsel acquainted himself with the provisions of § 5353(a), in
addition to the defendant's background, the court may have inclined to back up
its sympathetic gestures with reduction of sentence.

The judge's only reason for not reducing defendant's sentence was predicted
on the court's supposition that it lacked discretion to do so. on the contrary,
the sentencing guideline's § 5353(a), does provide such discretion as enunciated
in Blakely/Booker. Hence, a court cannot go out of its way to find such
provisions, neither would the prosecution carry out the defense duty to present
mitigating circumstances. At the sentencing the defense as usual presented no
members of petitioner's family and no minister of the family's church, to plead
for leniency on behalf of the petitioner. Counsel admitted to the court that he
had nothing to present because we are dealing here with a guideline range.

20

Indeed, counsel has a duty to conduct a reasonable investigation, including an investigation of defendant's background, for possible mitigating evidence, as the court held in Battenfiel v. Gibson, Stouffer v. Reymold, 168 F.3d 1155 (10th Cir. 1999), noting that defense counsel has a duty to investigate all possible lines of defense. Again, Appeal Court held that "counsel was ineffective in failing to present mitigating evidence at sentencing phase." Blanco v. Singletary, 943 F.2d 1477 (11th Cir. 1991). Hence, considering the provisions of § 5353, counsel could have investigated and presented such mitigating factors as (a) Petitioner had never committed any crime for past 22 years has been in the United States. (b) Petitioner has two children that be left behind without father. (c) Petitioner found and established Eagle Financial Services in 1989. This firm has provide employment to scores of U.S. citizens including training them to own their own business. (d) Petitioner is the founder of Church of Healing and Prophecy International. This ministry ordained potential ministers so they minister to those in need. Also through the church humanitarian outreach program the homeless are fed, clothed, and occasionally shelter inform of motel accommodation are also provided. The church educational outreach also held needy children with learning disability strive toward GED program including high school drop out in out community. (e) Petitioner's educational accomplishment. (f) Petitioner's family and community ties. Petitioner's length of time in business of problem free, only that one particular year John Onadeko or his other Jonathan Adewunmi worked with defendant.

Thus, in Smith v. Stewart, 140 F.3d 1263 (9th Cir. 1998), the court held that counsel's failure to develop any mitigation evidence, could not be accepted as either tactical or reasonable. Likewise in Wiggin v. Smith, 539 U.S 510 (U.S. 2003), the court held that counsel's decision not to expand investigation of defendant's backgrond for mitigating evidence, beyond PSI...fell short of adequate investigation by counsel and such deficiency prejudiced the petitioner.

Furthermore, in a recent decision, the Court reaffirmed that it was not enough for counsel to just assemble family members to plead for leniency on behalf of the petitioner. Id. Rompilla v. Beard, stating further that counsel's performance cannot be found adequate if it is supported by an unreasonably limited investigation, as in this case counsel made no effort to investigate. HE JUST CARELESS. As before stated, the two part Strickland tests, requires that (i) counsel's performance fell below an objective standard of reasonableness; and (ii) petitioner prove that he was prejudiced by counsel's performance. Herein, petitioner has shown that counsel's performance was deficient. However, to prove prejudice, petitioner must show that there is reasonable probability that for counsel's unprofessional errors, the result of the proceeding would have been different. Id. trickland. There is no doubt as to the available facts about mountain of evidences against defendant. Thus, given these factors, a reasonable counsel after thorough investigation, would have adequately advised his client to forgo trial and opt for the proffered plea. Furthermore a reasonable counsel in deciding to proceed to trial, would investigate and gather evidences, potential witnesses in addition to investigating the prosecution's witnesses. The facts in this case speaks to the contrary. Further, a reasonable counsel would have spent adequate time with his client, who intended to proceed to trial. The facts herein will show that counsel met only once with the defendant a week prior to the commencement of trial.

Hence, given that defendant would have opted for a plea of guilty if counsel had adequately presented all the odds that stacked against proceeding to trial. Hence, had defendant opted for plea, his sentence would have been below the 24 months imposed by the court. Further, had counsel conducted adequate pre-trial investigation, impeachment evidence could have been unearthened that would have created doubt in the minds of the jury.

The Strickland court have held that "any amount of jail time has Sixth Amendment significance, which in itself constitutes prejudice for purposes of

22

the <u>Strickland</u> test." Counsel's errors as herein stated, also merits the cumulative error analysis, even though a single error could amount to ineffective assistance of counsel. Thus, it has been widely held that the cumulative effect of two or more individually harmless errors, has the potential to prejudice a defendant to the same extent as a single reversible error. See <u>United States v. Thornbrough</u> 962 F2d 1438 (10th Cir. 1992). In <u>United States v Wood</u> 207 F.3d 222 (10th Cir. 2000), the court adequately stated that "A cumulative error analysis aggregates all the errors that individually might be harmless, and if analyzes whether their cumulative effect on the outcome of the trial is such that collectively they con no longer be determined to be harmless." Simply, the instant case presents a situation where counsel did not have time to prepare for trial, and did not have the professional decency to adequately advise the defendant to opt for the proffered plea agreement.

Obviously, the difference between pleading guilty and going to trial in the instant case, as it pertains to sentence, is about 12 months apart. Counsel did not know about the mitigating provisions § 3553(a) that could have warranted the court to downwardly depart during sentencing.

Wherefore, petitioner prays that this Honorable Court conduct an evidentiary hearing to further ascertain the cumulative errors committed by counsel, which without a doubt prejudiced the petitioner, in violation of his substantial right to effective representation by counsel. Thus, petitioner prays that his petition should be granted in the interest of justice.

RESPECTFULLY SUBMITTED THIS 25TH DAY OF NOVEMBER 2007.

MATTHEW S. OKONKWO
Petitioner, Pro-Se
McRae Correctional Facility
P. O. Box 30,
McRae, Ga 31055

CERTIFICATE OF SERVICE

I hereby certify that I have this _28_ day of _November_ _____,
_2007_, served a copy of the foregoing Motion under U.S.C. § 2255, to Vacate,
Set Aside, or Correct sentence by a person in Federal Custody, Brief, and
Affidavit in support of that motion in paper format upon the following, by placing
the copy of the same in the United States mail, properly addressed and postage
paid.


Andrew O. Schiff,
Assistant United States Attorney,
United States Attorney's Office,
One Court Square, Suite 201,
Montgomery, Alabama 36104.

_____
Matthew S. Okonkwo, pro-se
Petitioner.
McRae Correctional Facility
P. O. Box 30
McRae, GA 31055