IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL ACTION NO. 1:07cv1062-MHT |
| ) | 1:06-CR-101-MHT |
| MATTHEW OKONKWO ) | |

AFFIDAVIT IN SUPPORT OF THE
MOTION UNDER 28 U.S.C. § 2255

I Matthew Sunday Okonkwo, do hereby swear under oath that I am the petitioner in this proceedings and state the followings:-

(1) That trial counsel's inadequate pretrial investigation, and failure to present evidence and call witnesses during trial and sentencing, prejudiced the petitioner.

(2) That Mr. Ben E. Bruner, attorney of record was retained to effectively assist petitioner in a criminal matter and retainer's fees paid accordingly..

(3) That upon being paid, trial counsel failed to filed motion for bond hearing as agreed. Trial counsel ignore and abandon petitioner by not answering his phone, respond to any of letters sent to him.

(4) That trial counsel would not visit with petitioner at Montgomery City Jail to discuss trial strategy, nor give him any of the discoveries presented at trial.

(5) That trial counsel at one time told petitioner that the case would be reduced to misdemeanor and all petitioner had to is pay small fine and go home. Petitioner believed him. And it never happened or even mentioned at trial.

(6) That trial counsel never conducted any pretrial investigations into the case, at least to acquaint himself with prosecution case as record would show. Any investigation on that of trial counsel would have included the petitioner who knows about the case.

(7) that trial counsel failed to present any witness during trial to testify on behalf of defense. Even though, 20 witnesses' names and information were assembled by petitioner as requested by trial counsel a week before trial began. Trial counsel never came back and there is no other means to reach him .

(8) That the only place the petitioner would see trial counsel was at court during trial, and there was no time to discuss any thing given the fact that petitioner was in detention.

(9) That trial counsel failed to be present during PSI interview, it was only petitioner and probation officer, were as the trial counsel has a duty to represent his client in all phase of the trial.

1

(10) That petitioner had never committed crime in the past, yet received high end of the sentence, simply put it, trial counsel failed to investigate and present witnesses and mitigating factors.

(11) That petitioner was treated so bad probably because he a foreigner with detainer placed against him for deportation. Trial counsel simply abandoned petitioner.

(12) That the petitioner had lived in Dothan, Alabama for over 21 years trouble free. Petitioner has spouse and two children. A pastor of Church of Healing and Prophecy International for over 4years. Through petitioner's outreach ministries the homeless are fed, clothed, and occasionally provide shelter. The children of learning disability and high school drop out are also helped strived toward obtaining their GED education.

(13) That Larry Ellis, the IRS Special Agent lied under oaths, had trial counsel conducted adequate pretrial investigation, he would have discovered it and use that lie to raise doubt in the mind of the Jury. Appellate counsel also did samething as trial counsel.

(14) That petitioner's right to effective assistance of counsel in a criminal case was compromised by trial counsel and appellate counsel through ineffective assistance of counsel. This unprofessional errors exposed petitioner to 24 months imprisonment, $56003.00 in restitution, $1200.00 for special assesment, and 3years of supervise release. If trial counsel investigated prosecution case he would have discovered that statute of limitation for filling false income tax refund has expired a year before the indictment of the petitioner.

(15) That in the light of foregoing, therefore, the petitioner has reason to believe that defense counsel's performance, falls below the standard of reasonable performance under prevailing professional norms. There is reasonable probability, "that but for counsel's unprofessional errors, the result of the proceeding would have been different."

I declare under penalty of perjury that the foregoing is true, correct, and to the best of my knowledge.

RESPECTFULLY SUBMITTED

_____
Matthew S. Okonkwo, pro-se
**Affiant**

STATE OF GEORGIA
COUNTY OF TELAIR

Sworn and subscribed before me this 30 day of November, 2007 by Matthew S. Okonkwo
Produced ID: Federal Registration #11926-002
My Commission Expires _____

_____
Notary Public

Notary Public, Telfair County, Georgia
My Commission Expires Feb. 13, 2009

2