IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW OKONKWO | ) | |
| Petitioner | ) | |
| v. | ) | Civil Action Number 1:07cv1062-MHT |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |

AFFIDAVIT OF BEN BRUNER

Pursuant to this Court's order of December 11, 2007, your affiant comes and states as follows:

1. Your affiant is of sound mind and is over the age of 19 and resides in the state of Alabama.

2. Your affiant is a practicing attorney in the state of Alabama.

3. It is the purpose of this affidavit to respond to the allegations of Matthew Okonkwo (Mr. Okonkwo is referred to as "Bridget Y. Okonkwo" in the Court's order) as to the affiant being ineffective as to his representation in the petitioner's criminal trial.

4. I began representing the petitioner after at least 4 other attorneys had withdrawn from his case for a variety of reasons.

5. The statements that I did not consult with Mr. Okonkwo is not true. I went to see him in the jail initiatialy because he wanted me to see if I could get a bond for him through an immigration court petition. I made an appointment

with the case agent on the case and reviewed Mr. Okonkwo's immigration file. In that file was a final order of deportation which had been moved to be reopened by his lawyer. The judge had denied his motion to reopen those proceedings and therefore there was no basis to apply to immigration court for a bond as none is available in those circumstances. I visited Mr. Okonkwo and discussed my findings with him. He refused to accept them and told me he had a visa and just needed to pick it up. I told him that was impossible. I then met with the U.S. Attorney on the case and discussed a plea with him. The U.S. Attorney was offering basically time served. I once again visited with Mr. Okonkwo. He refused to consider the offer and told me that I was to get him a misdemeanor. I told him that wasn't in the offer. I offered to discuss him assisting the AUSA with finding his codefendant who was still at large. Mr. Okonkwo offered to do so if he was released. I told him that wasn't going to be possible and he refused to consider and further plea deals and insisted on going to trial. I told the AUSA that and again went to see Mr. Okonkwo to discuss his trial. I ask him to prepare me a list of witnesses whom I could call on his behalf. His own staff was testifying against him and I foresaw no way to locate the missing codefendant and Mr. Okonkwo was not helping in that regard. Mr. Okonkwo insisted he knew nothing of the false returns he was accused of preparing and that his codefendant was to blame. I went to see Mr. Okonkwo again prior to trial after having gone through over 1000 pages of discovery to discuss his case

with him. He said he didn't think he knew of any witness who could help him. It was on that basis that I conducted the trial.

6. Regarding his allegations that I should have put on evidence that he was a minister in mitigation of his sentence, Mr. Okonkwo had described himself as a deacon to me and not as a minister. The Court at sentencing was much disturbed that the petitioner had taken advantage of poor people in this scheme. To argue that Mr. Okonkwo was involved in a leadership position with a church would have in my view made it worse in that the Court would have accused him of using his church to pray on the poor. My recollection is that I tried to argue that the case should be sentenced as a time served case and not pursuant to the guidelines because Mr. Okonkwo had a final order of deportation waiting him and serving additional time would be a waste of U.S. resources to little avail.

7. As to Mr. Okonkwo's argument that I should have somehow suppressed the search of his office, it should be pointed out that I was the 5th attorney on the case and the motion deadline had long passed. While I would have not hesitated to ask permission to do so, I saw nothing that would justify such a motion. On reviewing the petitioner's immigration file, I would note that there was an interpol bulletin advising that a Matthew Okonkwo was believed to be dealing in heroin smuggling in I believe Belgium. This had no bearing on the case insofar as I could tell and had little to do with the ability of the United States to obtain a search warrant.

8. As to the statute of limitations, I was, to the best of my knowledge, the person who questioned the case with the U.S. Attorney. Upon my trial preparation I asked the AUSA how he could justify bringing the case now when it appeared that the acts were outside of the statute. He advised me that there was a provision of the statute that gave extra time for the filing time of tax returns. I reviewed his research with him and concurred that the transactions were within the statute. I so informed Mr. Okonkwo.

9. Affiant sayeth further naught.

_____
Ben Bruner
Attorney at Law
505 S. Perry Street
Montgomery, Alabama 36104
(334) 323 4463

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the parties shown below by placing a copy of the same in the U.S. Mail, properly addressed and postage prepaid.

Done this 31 day of December, 2007.

_____
Ben Bruner

Matthew Okonkwo
McRae Correctional Facility
P.O. Box 30
McRae, Georgia 31055

Leura Canary, Esq.
United States Attorney
P.O. Box 197
Montgomery, Alabama 36101