IN THE DSTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2008 FEB 28  A  9 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MATTHEW OKONKWO,<br>Petitioner, | | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv1062-MHT |
| | ) | |
| UNITED STATES OF AMERICA,<br>Resondent, | )<br>) | |

## REPLY TO GOVERNMENT RESPONSE TO SECTION 2255 MOTION

COMES NOW, Petioner Matthew Okonkwo, proceeding pro-se, and respectfully states the following, including attached avidavits and exhibits, in reply to government's response in obedient to court's directives.

## LEGAL STANDARD APPLICABLE TO CLAIMS
## OF INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amend. To the United States Constitution entitles a criminal defendant to reasonable assistance of counsel, Strickland v. Washington 466 U.S. 668, 686(1984). "The right to counsel is a fundamental right of criminal defendant; it assures the fairness and thus legitimacy of our adversary process", Kilmmelman v. Morrison, 477 U.S. 365, 373(1986).

And to ensure that defense counsel upholds the adversarial process established by the Sixth Amend., the right to counsel is defined as the right to the effective assistance of counsel, Strickland at 686 (citing Mcmann v. Richard 397 U.S. 759 771(1970). Thus, when a criminal defendant does not receive the effective assistance of counsel at trial or sentensing as is evident in the instant case, the adversarial process is said to have been compromised, requiring reversal of conviction or correcting of sentence.

As an acceptable practice, the benchmark for judging a claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial

process that the [proceeding] cannot be relied as having produced just result." Strickland at 686. However, even a single error can rise to level of ineffective assistance of counsel if:

(1). It falls below the standard of reasonable performance under prevailing professional norms; and

(2). There is reasonable probability "that but for counsel's unprofessional error, the result of the proceeding would have been different." Id at 687-88. On a scale of evedentiary burdens, a reasonable probability is shown by less than a preponderence of the evidence and "sufficient to undermine confidence in the outcome." Id at 693-694.

As the evidence will show herein, counsel was not prepared to effectively defend the petitioner, or at least make the effort to avoid going to trial, hence counsel had no theory in place to determine what matters of defense can be developed, but rather relied on the prosecution presenting a weak case. As the Supreme Court held in Pension v. Ohio 488 U.S. 75, 88(1988), a "pervassive denial of counsel casts such doubt on the fairness of trial process that it can never be considered harmless."

Petitioner's motion pursuant to 28 U.S.C. section 2255, is predicted on the cummulative deficient performance of trial and appellate counsels, wich prejudiced the petitioner. Particularly, counsel's inadequate trial preparation which call into question the defense theory and strategy, if any. The record in the instant case will show that the defense did not present one single evidence or witness; is this a reasonable strategy? Absolutely not. It is simply because there was no pretrial investigation conducted by trial counsel before and during trial. And this unprofessional acts prejudiced the petitioner. On the contrary, the government tendered over (50) evidence and presented about (15) witness without any objection from defense. Is this reasonable defense under Strickland prong. Of course not. And this unprofessional acts on the part of trial counsel prejudiced petitioner.

**(I)     Response inrespect to offense conduct see page 2**

Petitioner never states during trial or any other time that he was the only person to electronically file the 1999 tax returns for his business – the year in wich the fraudulent returns were filed. This accusation is false and it misled the jury. Testimony from petitioner's employees cannot be relied upon because the government told them what to say, and they had no choice but to do what they were told to say given that they were apprehenssive of being thrown in jail. There is no way petitioner's employees would have testified as they did without having been threatened to do so. Regarding eletronic filing, we were operating on local network through a server. Every office in that building had one computer wich was connected to the server. And  any computer connected to the server was capable of preparing tax return, transmitting tax returns and print checks also. Therefore, the petitioner was not the only person that could print checks or transmit returns electronically. Again, most of the time petitioner was away from the office, sometime for days. Does it mean that taxes are not being prepared and file electronically including check printing by petitioner's employees? It is lies like these that led to the denial of  petitioner's bond. It gave the prosecution undue advantage.

Again, it is untrue that petitioner took advantage of one of his customers by asking her to return $1,000.00, as the customer in question attended same college with petitioner and has been preparing her income taxes with petitioner for over 10 years and never been asked or convinced to return any part of her income tax check, except the tax year in qestion. Again she never got a tax refund that was lower than $ 2,500.00. Petitioner is disappointed that John Onadeko, a.k.a Jonathan Adewumi, took undue advantage of her. Petitioner would like to see Mr Adewumi to know his reason for this exploitation of his fellow human being for selfish gain. See (P8 of Pet. Mem.)

**(II)     The argument section of government's response p 2.**

The government stated that the Eleventh Circiut held that a defendant seeking to rebut the presumption of adequate performance must bear a heavy burden. However, the same court stated that that burden is not insurmountable. In the instant case trial attorney Mr.

3

Bruner's deficient performance is overwhelming. On the last paragraph of the argument see p9, the government stated that" Addressing Okonkwo's claims in turn, it is clear that he cannot demonstrate that his counsel was inffective or that he suffered prejudice as a result of the alleged deficiencies. This statement is absured because a blind person would see from petitioner's memorandum that he has proved with clear and convincing evidence that attorneys in this case are deficient which prejudiced petitioner for example: The government tendered over 50 evidences and presented about 15 witnesses while defense attorney tendered no evidence and no witness. Evidence and witnesses are the life blood in winning or loosing any case of any dispute.

### (III)   Strength of Evidence

Talking of the strength of the evidence against Mr. Okonkwo, let us face the truth: Every witness, except one person, said something about petitioner. That one person was Ms. Charllot Green, who had signed and cashed her check, which Petitioner found out during trial gave Mr. Onadeko extra $1,000.00 after cashing her check. She gave John Onadeko, referred to in the trial as Jonathan Adewumi. Beatrice Onadeko testified during grand jury trial that most checks were cashed by her. Why is it that she was not arrested or called during trial. It was because her testimony might incriminate her and lead to the where abouts of her husband. During the tax season in question, John and Beatrice were always together. Both of them knew what they were doing. Everyone that testified at the grand jury testified at trial, with the exception of John Onadeko's wife refered to as Jonathan Adewumi. Had counsel prepared to represent petitioner, he could have raised this issue before the jury. There was no blame against petitioner to be shifted, Mr. Adewumi committed the crime and should be held accountable. Yvette Thomas even though worked with Eagle Fianancial services is not competent to testify on the level she did because she is only a receptionist and knows nothing about taxes. She is only do what Kim Starling told her to do. See government response under inadequate pretrial preparation page 5-6.

### (IV)    Larry Ellis Lies under Oath

Mr. Bruner's ineffective performance is visible for failure to bring it up during trial that Mr. Okonkwo was falsely accused and testified before grand jury that he was arrested on narcotic charges by IRS special agent in charge of investigation Larry Ellis in the instant case.    This would have cast doubt in the mind of the trial jury, as it strengthened the prosecution's case during search warrant affidavit and grand jury trial. If this issue was of no merit, why did the government mention it in the first place. Therefore, Mr. Bruner deficient performance prejudiced petitioner.

Petitioner disagrees that there was interpol record of one Mr. Mathew Okonkwo on file in connection with drug dealing. Because no one ever show the prove to petitioner despite repeated requests, is not true.    However, petitioner found falsified documents stating that petitioner was deported.    Mr. Ellis' investigation, as reported on the search warrant, indicates no where that petitioner was illegal or was wanted for deportation; however, John Onadeko, according to his report, overstayed his visa.  When government agents found nothing against petitioner that would assist them to carry out their naferious intentions, they introduced drug charges, the worst offense hated by Americans.    To really find the truth, someone need to read the grand jury trial transcript under Mr. Larry Ellis, where he testifies that Mathew Okonkwo and not one Mathew Okonkwo, here was specificking on heroin which was destined to U.S.  **(See failure to investigate Special Agent page 6-7.)**

### (V)  Trial Counsel failure to tender evidence or present witness

Basically, what the government is saying about the witnesses in this case is baseless.  Witness is the heart beat of every case.  Without a witness, there is no chance of winning a case.  It was because of the defense's failure to call witness that paved the way for petitioner's conviction.  Had the government presented no witness, no one would have believed whatever they said.  Petitioner was beated with his hands tied behind his back.  Narcotic lies, his employees forced to testify lies against him, including his lawyer who was not prepared to honestly defend him.  No one can believe this is happening in the United States of America, only in Alabama.  Mr. Bruner's failure to present witnesses

prejudiced petitioner.    To imagine what a witness would say without first speaking to him or her is not strategic under the Strickland prong, especially when petitioner's slate is clean.  About the sofware used  during 1999, tax season was  crosslink tax software.  It has no password or management capability, so the program was wide open.  However, it has default capablility. This means that all paid preparers information on default database pop up making available all prepares and the prepare may then click on whoever he wants if choosed not to use his name. Again Larry Ellis has the capability of changing information on the computer because he seized our computers and check log register which contain the name, SSN, check number and signature of anyone who picks up printed check. Because this register is no longer available there is no way we ccould verify who sign for which check. However, this check register was not mentioned during trial.

### (V)    Statute of Limitations

On the issue of Statute of Limitations, internal revenue service code stated that "No person shall be prosecuted, tried, or purnished for any of the offenses arising under the internal revenue law…, and generally, the statute of limitations begins to run when an offense is committed. Toussie v. United States, 397 U.S. 112, 115 (1970)." Qouted by IRS and is in favor of petitioner. Failure to investigate on the part of trial counsel amount to inffective assistance of counsel. (See failure to Present Statute of Limitations Defense (IssueE P9-11)

Petitioner disagrees that failure to present mitigating evidence at sentencing claim is moot because even though time is served, the petitioner is still under probation or supervised release. Court held that "Physical confinement is not necessary to satisfy the in custody requirement of federal habeas corpus statutes; a petitioner who is on parole or serving a term of supervised release is in custody for the purpose of the federal habeas corpus statutes. 28 U.S.C.A section 2254, 2255"

Petitioner states that trial lawer's failure to present mitigating factors was ineffective assistance of counsel in voilation of Sixth Amend. of United States Constitution which exposed the petitioner to 24 months imprisoment on each count, over

6

$57000.00 in restitution, special assessment, and 3years of supervised release. Wherefore petitioner prays this Honerable Court to grant Motion to Vacate under 28 U.S.C. section 2255, because (i) trial counsel failed to tender any evidence, (ii) trial counsel failed to present any witness, (iii) trial counsel failed to present any witness and mitigating factors during sentencing, (iv) statute of limitations, (v) the court erred in imposing restitutions of codefendant onupon petitioner, (vi) trial counsel failed to carry out pretrial investigation during trial, PSI, and sentencing phase, (vii) trial counsel failed to inform petitioner about government's proffered "time served" on plea bargain, (viii) appelleate counsel filed brief containing irrelevant issue rather than that which would yield positive result in favor of petitioner.

Respectfully submitted this 30th day of January, 2008.

MATTHEW S. OKONKWO
Petitioner, pro-se
A# 27906495
Etowah County Jail, Unit 9
827 Forest Avenue,
Gadsden, AL 35901

7

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 25th day of February 2008, served a copy of the foregoing reply to government's response including affidavits and exhibits in support of motion under section 2255 in paper format, by placing the copy of the same in the United States Postal Service, deposited in the mail box at Etowah County Jail, postge paid and properly addressed as follows:

Mr. Andrew O. Schiff,
Assistant United States Attorney,
United States Attorney's Office,
One Court Square, Suite 201,
Montgomery, Alabama 36104

Matthew S. Okonkwo, pro-se
Petitioner,
Etowah County Jail,
 827 Forest Avenue,
Gadsden AL 35901

8

Matthew S. Okonkwo
27906495
Etowah County Jail
827 Forest Avenue
Gadsden AL 35901



MAILED FROM
Etowah County Jail

OFFICE OF THE CLERK
UNITED STATE DISTRICT COURT
P. O. BOX 711
MONTGOMERY AL 36101-0711

MAILED FROM
Etowah County Jail

IN THE DSTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2008 FEB 28 A 9: 24

MATTHEW OKONKWO,                      )
Petitioner,              DEBRA P. HACKETT, CLK
                         U.S. DISTRICT COURT   Civil Action No.
v.                       MIDDLE DISTRICT ALA   1:07cv1062-MHT
                                               )
UNITED STATES OF AMERICA,             )
Resondent,                            )

## AFFIDAVIT IN REPLY TO AFFIDAVIT OF ATTORNEY, BRUNER.

I do hereby swear under oath and state as follows:

1. That my name is Mathew Sunday Okonkwo.

2. That I am over the age of nineteen (19) years and of sound mind, presently incarcerated at Etowah County Detention Center, Gadsden, Alabama.

3. That Mr. Bruner's clandestine activities about his deficient representation are revealed through his affidavit. No wonder he avoids furnishing a copy to me as ordered by the court. Mr. Bruner was aware of my immigration matter as far back as the year 2000.

4. That in 2001, I contacted Mr. Bruner about my immigration matter. Mr.Bruner claimed to be an immigration lawyer. He charged me $3500.00, which he insisted that it be paid before he files any paper. As requested, I gave him copies of all documents dealing with INS, including copies of motion to reopen which was denied with instruction that the deficient is curable through a joint motion. He claimed to know what to do, because Attorney Evron didn't know what he was doing. I paid him $3500.00, yet nothing was done. After several months he said, INS was unble to locate my file. I sked him what does that mean? He said that the file was missing. I demanded refund of my money since he could not continue despite the fact that I gave him copies of all original of every thing that was on INS file. He refused to refund me the money. Several months later, IRS searched my office, I immediately went to his office at Zelda Street and informed him everyting that took place. He said that there is nothing he could do at that time and that I should update him of any development, if any, in the future.

1

5. After my arrest of April 2006, I was denied bond by judge Cooley because my attorney Mr.

Peterson would not say anything concering my immigration status as David seized all my documents. So I wrote Mr. Bruner who had knowledge of the case. Mr. Bruner charged me $5,000.00 for the criminal case and $2,500.00 for the immigration case. I told him I cannot afford to pay him $7,500.00 but 5000.00 for the criminal matter. He demanded for the entire fee. We paid him $5,000.00. He was supposed to file motion for bond rehearing to the criminal court and not before the immigration court. He left with the money. Before he got the money he had been checking with me. He told me to hurry up and get the money so he can start filing papers quickly. During those visits, I always shown him my immmigration papers which he already has copies years back. He said he foresee no reason why I should not get bond beacause "here is visa number." But after he got the money, Mr. Bruner was nowhere to be seen. It was after one month from the date of fee payment that Mr. Bruner entered notice of appearance. After several letters and phone calls, which he did not respond to any of the letters and phone calls. Some members of my church made several attempts to call him, all to no avail. Therefore, his testimony on number 5 of his affidavit stating that I wanted him to see if he could get a bond for me through an immigration court petition is false and misleading.

About the misdemeanor, Mr. Bruner introduced it to me. At first he said he will have the charge dropped to a misdemeanor, and all I had to do is pay the fine and go home. But this never happened, and when he was talking about twelve months and a day; honestly, **I never believed him: at first, it was misdemeanor; then now, twelve months and a day on a plea.** After one time he mention it to me Mr. Bruner never said anything about it. The bond issue never happened nor even talked about. I stopped talking about bond rehearing when he stopped talking about bond rehearing when he failed to respond to my letters in that effect. I am hearing the first time from Mr. Bruner about discovery which he said was over 1000 pages. He never told me anything about discovery, although I was asking about it throughout the trial period. All Mr. Bruner brought to me was 1040 forms for aobut three customers. It is untrue for him to say that I couldn't think of anyone to call as witness because informations of 20 witnessess was assembled wich he never came back to pick it up. And every time he visited me, he was

2

always in a hurry. Maybe he spent 10 minutes, and the discussion was always limited to whatever purpose had brought him, for example, he would come for the sole purpose of asking me to sign an extension authorization for the trial date to be moved, claiming that he needed more time to study the case. That on April 5, 2007, my motion for a new attorney was tried. During trial, I testified about his deficient performance before Judge Thompson, and Mr. Bruner cannot dispute my testimony. The Court asked him if he will keep the $5,000.00 fee. He said the fee is for the trial, appeal, and immigration matters. At that point, I began to wonder if he is in his right mind. May be something is wrong with his thinking faculty. However, my motion was granted and he was removed from my case for ever. Please see trial transcript of March 5, 2007.

6.    That on the plea issue, Mr. Bruner never mentioned **time served.** He said all U.S. Assistant Attorney is offering is 12 months and 1 day and 1 year probation. I am sad to hear the first time from him that all government is offering is time served. I wondered why would he treat me the way he did, only God knows. I would have accepted it as it would have helped me in the immigration issue and he knew that pretty well. Even I begged him to try to get me any thing less than 12 months. He refused saying government will not do it. The next time I saw him was a week before trial, in that visit, he brought 1040 individual income tax forms for about three or four government's witnesses to me and ask me to assemble names of witnesses which he will pickup in about two days. He also promise to discuss trial strategy when he comes back, Mr. Bruner never return back as promised. The only place I could see him was at court and there was no time to discuss anything I was really frustrated about the whole thing.

7.    That I told Mr. Bruner that I am Bishop of Church of Healing and Prophecy and also overseer of two other churches in Blakely and Warner Robin, GA. I also informed him of the great minstry God was doing through me, such as ordination of ministers, feeding the hungry, reaching out to families in need, jail ministry, and educational programs including tv. ministry. Even if I disscribed myself as a deacon, is a deacon not a minister. The book of Acts explains how Phillip, a deacon, was ministering to the people of Samaria and a great revival broke out. People got healed and so on. Later the Spirit of the Lord led him to Eunuch of Ethiopia, whom he baptized. Therefore, a deacon is a minister and a church leader. In my ministry, the sick are healed

3

by God. The government in their response stated that my church leadership role would have been a great positive factor in reducing my sentence. If that is so, why din't Mr. Bruner bring this up to the attention of the court? Instead, Mr. Bruner testified that the only reason he would ask for a downward departure was that Mr. Okonkwo's presence in the U.S. would amount to government waste of resources. See number 6 of Mr. Bruner's affidavit. A statement like this amounts to compromise and racial animousity which support my argument that Mr. Bruner was not prepared to defend me in a criminal case in violation of the Sixth Amendment to the United States Constitution. In my twenty three years in the United States, I can safely say that I have done more good work than Mr. Bruner will ever accomplish in his entire life. I worked and pay taxes, both individual and corporate taxes. Owned and operated trucking business, three times a week I visit retirement centers and hospitals praying for the sick, broken families put back together through my counselling, treating every body equally regardless of color, religion, or national origin.

Quite frankly, having Mr. Bruner in my case made it worse. Mr. Bruner does not like me but he likes my money and the money he made from the referals I sent to him over the years before instant case.

8. That I have never asked or even discussed anything like suppression of evidence with him. Let us face it, throughout the trial, from the time of Mr. Bruner, there was nothing like pretrial conference-not even one, because if there was one, the court would have notified me. Mr. Bruner knew his pranks too well. There is nothing positive from Mr. Bruner that can be associated with this case. He is so deficient in performance that he was not even present during PSI investigation, there was no objection to whatever the probation officer put down. One of the areas he could have objected was restitution. Two people are charged, but I bear the consequences of a co-defendant. This is wrong before man and God.

9. Another false accusation is that I trafficked drugs in 1990 and for that reason barred from entering the U.S. for ever. One of the grand jury member asked why this type of person should be allowed to remain in the United States. Larry Ellis responded, "that is why we want you to return an indictment so we can remove him." See grand jury trial transcript under Larry Ellis. Because of testimonies like this, the government would

4

not give me copies of the trial transcript as ordered by this court. Without such false accusations, there would have been no indictment. Then the grand jury, after hearing the testimony of the witnesses, asked Larry Ellis that, judging from witnesses' testimony, it appears that the witnesses themselves gave consent that their taxes be prepared that way. Mr. Ellis defended witnesses by saying, they have no knowledge. In all these lies and confusion, Mr. Bruner had nothing to say other than Mr. Okonkwo's further staying in the United States is waste to United States government resources. Is this a reasonable defense from a stand point of a reasonable person? That is why the judge takes no heed of such senseless talk which can only be made by senseless persons like Mr. Bruner.

10. About statute of limitations, Mr. Bruner would not even discuss that with me as if I am not somebody. I reminded him at court where I could see him. It was only then that he asked U.S. Assistant Attorney Mr. Schiff, who handed about 2 or 3 of papers which he glanced at a few seconds and handed it back to Mr. Schiff – that is it. There was no investigation into my case because Mr. Bruner is careless about the Sixth Amendment of the United States Constitution. If he cared, he would have conducted some type of investigation. Right now, it is not about Mr. Okonkwo, it is about violation of the Constitution of the United States of America by attorney of record,   Mr. Ben E. Bruner. Mr. Bruner's deficient performance prejudiced petitioner, as already stated. Mr. Bruner's ineffective assistance of counsel in voilation of Sixth Amendment exposed petitioner to 24 months in prisoment on each count, over $57,000.00 in restitution, and 3 years of supervised release.

I declare under penalty of perjury that the foregoing is true, correct, and to the best of my knowledge.

_____
Matthew S. Okonkwo
Affiant.

STATE OF _ALABAMA_
COUNTY OF _Etowah_

Sworn and subscribed before me this $25$ day of _Feb_____, 2008 by Matthew S. Okonkwo
ID No. 27906495

_____
Notary Puplic

6

**IN THE DSTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**
2008 FEB 28  A 9: 24

MATTHEW OKONKWO,     DEBRA P. HACKETT, CLK
Petitioner,     U.S. DISTRICT COURT
     MIDDLE DISTRICT ALA

      v.               )    Civil Action No. 1:07cv1062-MHT
                      )
UNITED STATES OF AMERICA,  )
Resondent,              )

## AFFIDAVIT IN REPLY TO
## RUSSELL T. DURASK'S AFFIDAVIT TO GOV'T RESPONSE

I do hereby swear under oath and state as follows:

1.  That my name is Mathew Sunday Okonkwo.

2.  That I am over the age of nineteen years and of sound mind.

3.  That I am currently incarcerated at Etowah County Detention Center.

That Mr. Russel T. Duraski was appointed by the court to represent me in my appeal case. That I give this affidavit in reply to governmrnt's response to allegation of ineffective assistance of counsel in compliance with the court order of January 2008 to represent me in a criminal appeal from the Middle District of Alabama.

4.  That Mr. Duraski representation was deficient and therefore his ineffective performance prejudiced me.

6.  That I was being detained in the Autauga County Jail, Pratville, Alabama during his first and second visit. And that there was no third visit as Mr. Duraski falsely claimed. Before his first visit, the following drama took place. I wrote the court reporter for my trial trancript. The court reporter wrote back and informed me that the trial transcript had been sent to the court, and he advised me to contact my attorney for any further assistance. I wrote the court reporter back and inquired as to who my attorney was, as on March 5, 2007 Mr. Bruner, my previous attorney, was removed from the case based on motion in which I claimed ineffective representation. That motion was granted and the court was due to apppoint a new attorney for me. So, the court reporter wrote me back and advised me to contact the court for help. Therefore, I wrote the court, and the

1

court wrote me back, stating that Attorney Russell Duraski has been appointed by the Federal Defender's Office to represent me. As such, I waited for 10 days and nothing happened. Therefore, I wrote the Federal Defender's Office relative to what the court had informed me about my attorney. When I did not hear from the Federal Defender's Office concerning what the court had said about my attorney, I filed a motion for retrial which was denied without reason or explanation for the denial. One reason in that motion being my inability or utter failure to contact Mr. Duraski. It was thus almost a month after his appointment that Mr. Duraski came to Autuaga County Jail to visit me following court's order.

7. That on those two visits, Mr. Duraski avoided personal contact with me as if I am not a human being or he is more superior than me. The little conversation between us was by phone over glass window. Mr. Duraski never gave anything not even his business card or phone number to reach should need arise. The first thing he said was, "I am not going to represent you on your immigration case." I told him that I was not expecting that he would niether was he appointed for that purpose. He was so upset with me. His second statement was a question, that is, asking me how long had I been practicing law. I told him that I am not a lawyer. That visit was a mess. He told me he was leaving and that he would be back in three days or so. He did. What a surprise!

        a.  That, on his second visit, he informed me that he had found out that the court had erred in sentencing and restitution on those who did not even know or heard of me but Jonathan Adewumi. He said only one person had mentioned my name. That he believed that the Appeal Court would hear my case on that ground alone. He also mentioned a motion for Judgement of Acquittal, which the court had denied and Mr. Bruner had failed to renew it with evidence even the government stated that Mr. Bruner did not renew his motion for Judgement of Acquittal . I also brought to his attention the following issues: Mr. Bruner's ineffective advice for me not to testify, saying that he had everything under control. Regardless of what the court says, I rely on my counsel's advice not to testify. Even if I am to testify, Mr. Bruner did not prepare me to take witness stand.

b. Mr. Bruner failed to meet with me to discuss the case. See EXIBITS under Mr. Buner.

c. Mr. Bruner's failure to tender any advidence during trial and sentencing phase.

d. Mr. Bruner's failure to present witnesses during trial and sentencing phase.

e. Mr. Bruner's failure to investigate the case at all levels.

f. Statute of limitation issues.

He refused to discuss issues pertaining to statute of limitations with me, stating that Mr. Bruner had already discussed those issues with me.

8. That at the end of our meeting he promised to come back in three days to review the brief before filing which he said was urgent due to my situation. Following each visit, I always sent him a thank you letter, in which I would also refresh him about our discussions. The second visit was somewhat cordial. I waited to see him in three days as promised, but that didn't happen . After one week, I wrote to remind him. He deliberately avoided coming to see me to review the brief, for he knew very well that I would be moved from Prattville, Alabama. Accordingly, on May 3, 2007, I was moved. As soon as I got to Mcrae Correctional Facility, I wrote several time and called several times but without response on both modes. Consequently and in frustration, I change the tone of my letters to him, stating to the effect that right from our first visit I had been asking and begging him to give me copies of my trial transcript to no avail. I attached some copies of my previous letters to him with these affidavits as **EXBITS** which speak for themselves.

8. That Mr. Duraski prepared the brief, with the only issue being Motion for Judgement of Acquittal. He knew too well what he was doing, to wit, that the Court of Appeals would affirm the conviction and sentence by only the issue of Motion for Judgement of Acquittal. Accordingly, the Appeals Court affirmed both conviction and sentence. Because Mr. Duraski prepared and filed brief outside our discussions, I was no doubt prejudiced; however, Mr. Duraski's unprofesional acts exposed me to remain in prison for 24 months, $57, 000.00 in restitution, and 3 years of supervised release.

I declare under penalty of perjury that the foregoing is true, correct, and to the best of my knowledge.

Matthew S. Okonkwo
Affiant.

STATE OF _ALABAMA_
COUNTY OF _Etowah_

Sworn and subscribed before me this 25 day
of _Feb_____, 2008 by Matthew S. Okonkwo
ID No. 27906495

Notary Puplic

4

EXIBIT

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. )          CRIMINAL ACTION NO.
)            1:06cr101-MHT
MATTHEW OKONKWO )
)

### ORDER

Based on the representations made in open court on
March 5, 2007, it is ORDERED that defendant Matthew
Okonkwo's motion for transcripts and motion for
appointment of counsel (Doc. No. 55) are granted.

The clerk of the court is DIRECTED to make
appropriate arrangements for a free transcript and for
court-appointed counsel.

DONE, this the 5th day of March, 2007.

        /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
        v.                  )      CRIMINAL ACTION NO.
                            )        1:06cr101-MHT
MATTHEW OKONKWO             )
                            )
```

### ORDER

It is ORDERED that Hon. Benjamin E. Bruner's motion to withdraw as counsel (Doc. No. 56) is granted. The court finds that there is a conflict between Mr. Bruner and defendant Matthew Okonkwo.

DONE, this the 5th day of March, 2007.

                    /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE

# Mitchell P. Reisner, CRR, CM
### Official Court Reporter - United States District Court
### Certified Realtime Reporter



*Instant Translation*
*Medical/Technical*

*Complete In-Court*
*Litigation Support*

**222 Cloverfield Road - Hope Hull, Alabama 36043**
**Telephone: (334) 265-2500 / E-mail: TopStenoman@wmconnect.com**

February 12, 2007

Matthew Okonkow
P. O. Drawer 159
Montgomery, Ala. 36101

In re: USA vs. Matthew Okonkwo     1:06-cr-101-MHT

Dear Mr. Okonkwo:

I am receipt of an Eleventh Circuit Transcript Information Form that you recently sent dated February 2, 2007 to the court requesting three transcripts be prepared, and paid for by the Criminal Justice Act.

Either you or your attorney must send a motion to the court requesting the transcript be prepared, and as you are financially indegent and informa pauperis, you are seeking payment to be made through the CJA.

A judge will examine the request, and if he/she signs off on it, I will have to be notified and I would place it on the production schedule.

Sincerely yours,

Mitchell P. Reisner, CM, CRR

Copy

Autauga Metro Jail
136 North Court Street
Prattville Al 36067
March 15th 2007

Debra R. Hachett, Clerk
Office of the Clerk
U. S. Districk Court
P. O. Box 711
Montgomery Al 36101-0711

Dear Mrs. Machett

Re: Appointment of Attorney - CR. NO. 1-06cr101-MHT

This is to inform you that as of today's date no attorney had contacted me concerning my appeal.

On March 5, 2007 Judge Thompson granted my motion for appointment of attorney for appeal and transcripts. On March 9th I was moved to Autauga Metro Jail, Prattville Alabama. I have no way of knowing if the attorney has been assigned to me or not. Please can you update me in this regard.

While thanking you for your cooperation, I look forward for your response and remain

Sincerely

Matthew S. Okonkwo

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF ALABAMA
### OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 223-7308

March 27, 2007

Matthew Okonkwo
Autauga Metro Jail
136 N. Court St.
Prattville, AL 36067

Re:     USA vs. Matthew Okonkwo
        CIMINAL ACTION NO.:     1:06CR00101-MHT

Dear Mr. Okonkwo:

   On March 19, 2007, the Federal Defenders' Office appointed Attorney Russell Duraski to represent you. His address is:

        Russell Duraski, Esquir
        Attorney at Law
        6332 Woodmere Boulevard
        Montgomery, AL 36117.

                              Sincerely,

                              DEBRA P. HACKETT, CLERK

                              By:

                                 Deputy Clerk

/ydw

*Duraski*
*Came to see him on*
*4/19/07 & 4/25/07*



# Mitchell P. Reisner, CRR, CM
### Official Court Reporter - United States District Court
### Certified Realtime Reporter



*__Instant Translation__*
*__Medical/Technical__*

*__Complete In-Court__*
*__Litigation Support__*

---

**222 Cloverfield Road - Hope Hull, Alabama 36043**
**Telephone: (334) 265-2500 / E-mail: TopStenoman@wmconnect.com**

March 28, 2007

Matthew Okonkwo
136 North Court Street
Prattville, Al. 36067

In re: USA vs. Matthew Okonkwo
        1:06-101

Dear Mr. Okonkwo:

I am in receipt of your handwritten letter dated March 25, 2007.

Please be advised that I had finished the transcript on March 19, 2007, and it now has been sent to obtain the signature of your court-appointed attorney, as well as Debbie Hackett, Clerk of Court, and Judge Myron H. Thompson. How long this will take? I can't tell you, because I simply don't know.

I am sure that you will be notified by the attorney who has been assigned to represent you in your appeal when he/she actually has the document in hand.

I remain,

Sincerely yours,

Mitchell P. Reisner

Copy

P. O. Drawer 159
Montgomery Al 36104
July 3 '06

Dear Atty Bruner,

I am writing to know where we are. You told me on June 15 06 the day you get paid that you will be back in 2 to 3 days. However, as of today I have not heard from you.

I need to hear from you as soon as posible because the case is comming up on August 7 '06. How about the bond hearing? Please I need a copy of this letter. Again you have never return any of our calls. Please come and see me.

Sincerely

Matthew S. Okonkwo

COPY

P.O. Drawer 759
Montg. Al 36104
July 7th 06

Atty Bruner,

I am disappointed for your irresponsible way of doing business. You are retained to represent me in a criminal case. Because I am detained in Montgomery city Jail, you took advantage of that to defraud me of retainer's fee of $5000.00.

I will be contacting ABA for possible violation of professional responsibility and other agencies on your part. I have been nice and trusted you. You have not replied any of my letters or return any of our phone calls since June 15 2006.

Please contact me regarding this important matter. Again I am highly disappointed.

Sincerely

Matthew Okonkwo

P. O. Drawer 159
Montg. Al 36104
July 16'06

Dear Atty Brunei,

I am writing you because this is the only avenue you can be reach. I have tried several times to call you, but you could not be reached. My people called you on numerous occasion, yet you refuse to return call. It is frustrating...

On July 7th you meet with me briefly and you promise to do things right. You also said second time to meet with me on Tuesday which is July 11th. As of today, I have not heard from you. There are several clients of yours who you have same problem with you.

Unless I hear from you within few days from the date of this, I will be compelled to file motion for bail bond hearing. As you know the case is set for Aug. 7th 06. Again you have not discuss about this case with me. Please send me copy of our agreement for you have not given me any copy.

I look forward to hear from you within the next two days.

Cordially

M. S. Okenkwo

P. O. Drawer 159
Montgomery Al 36104
Aug 7, 06

Rays

Dear Atty Bruner,
        I write to know what is going on
in my case. You left me in limbo. On
July 17, 2006 you said that you need
30 days to study the case, and you
said also that you
will keep m informed. As of today, I have
not heard from you.
        However, the court wrote me that the
case has been moved to Nov. 6, 2006.
This is not what you told me. As you know,
this case was originally set for August 7, 2006.
At begining, you told m that you will file
motion for bond hearing based on the
new evidence which you said is aguable.
Again you have not returned any of my
peoples phone calls. My brother has
been to your office three times but unable
to see you or your secretary. At first
you told me you have secretary that
everything will now go fast.
        Please let me know what is going on
I look forward to hear from you sooner
                    Yours Client
                Matew Okonkwo

ecares
of your
request

Note: Bruner visited me on 7/14/06
said the case will be moved 30 days as he said

Matthew S. Okonkwo
#11926-002
McRae Facility
P.O. Drawer 30
McRae, GA 31055

July 9, 2007

Ben E. Bruner
Attorney At Law
505 S. Perry Street
P.O. Box 231419
Montgomery, AL 36123

Dear Mr. Bruner:

Re: U.S.A. V. OKONKWO: CASE NO.: 1:06-Cr-101-MHT

I am writing in reference to your deficient representation in my
case referenced above. Hence, I am demanding that you refund me
the attorney's fees of five thousand ($5,000.00) dollars which I
paid. As part of the evidence of you incompetency, the district
court on March 5th, 2007, granted my motion in which I contended
your incompetent representation and ineffectiveness of counsel.

Furthermore, you are aware of the facts that you failed to do
what you are supposed to do, as required for effective
representation of counsel. Thus, below are the some of the
reasons:

1. You did not file for bond hearing, nor come to see me,
   contrary to our agreement. You vanished as soon as I paid
   you the agreed attorney's fee.

2. You purposely ignored to visit me during the trial to
   discuss about the case with me. The only time I ever saw
   you was during court trial, which did not give me any
   chance to discuss trial strategy.

3. Before sentencing, you failed to appear when probation
   officer came to visit with me. That was very scaring.

4. You willfully ignored to enter a notice of appeal
   despite the fact that I told you that I want to appeal
   the case. However, on my better judgement, I did the
   notice of appeal.

5. I told you during trial of my intention to testify, but
   you advised me not to, saying that you have everything
   under control.

6. Non of my witnesses was present because of your actions,
   eventhough you asked me to assemble the witnesses.

7. During sentencing, you made no reference as to my character, nor call for any of my witnesses to testify on my behalf.

8. You did not reply any of my letters or return any of my phone calls. Neither did you answer any of the phone calls from my family members, or my church members. Hence, because of your actions, most of these fine people abandoned me, given that they did not know what was going on between you and me.

It is because of your incompetent representation and ineffective counselling and the apparent "I don't care" attitude that I was convicted and sentenced to 24 months of imprisonment, for somethiing I did not do or have knowledge of. In light of the foregoing, I herein demand that you refund me the fee of $5,000.00 (five thousand dollars) promptly.

Please sent the money to Brenda Okonkwo, P.O. Box 834, Dothan, AL 36302. If you on the other hand ignore or refuse to respond as you have done in the past, you will leave me with no other option than to contact the American Bar Association as I have already warned you in one of my previous letters to you. Please make the check payable to Eagle Financial Services.

While thanking you in anticipation of your cooperation in this matter, I look forward to hear from you within a week of the receipt of this letter.

Best Regards

Matthew S. Okonkwo

CPY

136 North Court Street
Prattville Al 36067

April 1, 2007

Russell Duraski, Esq,
6332 Woodmere Boulevard
Montgomery Al 36117

Dear Mr. Duraski,

Re: USA vs. Matthew Okonkwo — Case NO: 1-06CR00101-MHT

Office of the Clerk, United States District Court on a letter
dated March 27th 2007 informed me that you have been
appointed to represent me in my appeal case since March
19, 2007.

I am writing because I have not heard from you, may be
because you have not been contacted by the Federal
Defenders' Office. If this is the case, please get in touch with
them to confirm. If you already been notified, please I need
to see you as soon as possible. I look forward for your
response and remain.

Sincerely

Matthew   Okonkwo
Defendant / Client

Copy

Autauga Metro Jail
136 North Court Street
Prattville Al 36067
April 29 2007

Russell Duraski, Esq.

Re: USA vs Matthew Okonkwo   CASE # 1:06cr101-MHT

Dear Mr Duraski
    Thank you for your on visit April 25 2007. Please take note of the following :-
    1. I did not receive from Mr Ben Bruner some of the discoveries presented as evidence during trials namely (a) Two Pay-in Slip of Regions Bank. (b) House Hold Bank copies of about three checks deposited into the account of Eagle Financial Services.
    2. Statutes of Limition. This limitation starts from tax year — in this instance 1999 tax year. Case filed 4-15/06
    3. Larry Ellis lies under oates and Mr. Bruner deliberately ignor to bring it up during trials.
    4. My withnesses were not supenced to testify partly because Mr. Bruner failed to advise the court and also failed to see me before, during, and after trials asks me to prepare even though he
    5. There were 4 Tax prepers in our offices for that tax season 1999 and 3 of us were mentioned on form 1040 yet only me was charged and convicted in all.
    6. I need copy of the trial transcripts (My own Copy)
    Please research the above and include them to brief if your appropriate to see if any or all are good for the appeal

                        Matthew Okonkwo Defendant.

Urgent p/s

copy

Matthew S. Okonkwo
11926-002
P. O. Box 30
McRae GA 31055

June 14 2007

Dear Mr. Durasky,

This is to formally inform you that I am at McRae Correctional Facility. I believe you already know. I wrote you before beeing moved, unfortunately you are yet to respond. In that letter, I told you some of the things to include in the brief. Please let me know where we are

Send me also a copy of the trial transcript, I requested this in my previous letter. I look forward to hear from you soon.

Sincerely

Matthew S. Okonkwo

MATHEW S. OKONKWO
#11926-002
MCRAE FACILITY
P.O. DRAWER 30
MCRAE, GA 31055

JUNE 26, 2007

Re: U.S.A. V. MATHEW OKONKWO
    CASE NO. 1:06101-MHT

Dear Mr. Duraski:

I am writing to let you know that I am disappointed about your nonchallant attitude towards me and my appeal case. Despite my numerous efforts to reach you concerning the status of my appeal, you have deliberately avoided me. I have written several letters, and attempted to call you on the phone, but you would neither reply my letters nor accept my calls. Just recently, on friday June 22, 2007, my wife got you on the phone and told you that I (Mr. Okonkwo), was on the line and would wish to speak with you, you immediately told her that you were so busy to talk to me. Hence, you proceed to request that I call on monday, June 25, 2007. I considered it as an appointment. Subsequently, I called you all through the day, but as usual, you deliberately avoided me. There is no need playing this "cat and mouse" game with me. All I need to know is the status of my appeal and nothing more.

Apparently, you decided to accept the appointment from the court, to represent me on appeal, hence, I am now very doubtful that you will fulfil your duties as required by the Sixth Amendment's Effective Representation of Counsel. And there is nothing else I could do to make you respond to me other than inform the court of your attempt to compromise my rights to appeals as provided by the United States Constitution.

However, I am letting you know that it completely unfair for you to keep me in the dark as to my appeal; to refuse to send me copies of my transcripts as I had requested. Nonetheless, I am still requesting to know the following, pertinent to my appeal:

1. What is the status of the Appeal

2. Have the court set a briefing date.

3. If so, have you submitted a Brief.

4. If you submitted a brief, why would you do so without sending me a copy for review.

5. Why would you not send me a copy of my transcripts and the brief, if one has been submitted.

I do not have personal grudge against you. All I am requesting is that you perform the duties as my counsel.

I look forward to hear from you at your earliest convenience

yours Sincerely,

MATHEW S. OKONKWO

# RUSSELL T. DURASKI

*Attorney At Law*

Licensed in Alabama and Georgia

June 27, 2007

Matthew S. Okonkwo
# 11926-002
Post Office Box 30
McRae, Georgia 31055

      RE:  United States v. Okonkwo

Dear Mr. Okonkwo:

      I received your letter of June 14, 2007 regarding the above-referenced appeal. As you are aware the brief has been filed. I previously mailed you a copy of it along with the record excerpts. Enclosed is a copy of the trial transcript.

      If you have any questions, please drop me a line.

                   Sincerely,

                   Russell T. Duraski

6332 Woodmere Boulevard • Montgomery, Alabama 36117
Telephone (334) 260-9733 • Fax (334) 260-9735

# RUSSELL T. DURASKI

*Attorney At Law*

Licensed in Alabama and Georgia

July 2, 2007

Matthew S. Okonkwo
# 11926-002
Mcrae Facility
Post Office Drawer 30
McRae, Georgia 31055

> RE: Appeal
> *USA v. Okonkwo*

Dear Mr. Okonkwo:

I just received your letter of June 26, 2007 and must say that I find your allegations against me outrageous. I have not avoided you. I mailed a copy of the brief to you at the Prattville jail on April 30, 2007. a copy of the mail receipt is enclosed. Since you apparently did not receive I am enclosing another copy of the brief and the government's reply. i mailed the trial transcript last week. That mail receipt is also enclosed. Finally on the day your wife called I was preparing for a trial and I have never received another call from you.

If you have any questions, please contact me at the address or telephone number shown below.

Thank you for your assistance in this matter.

Sincerely,

Russell T. Duraski

6332 Woodmere Boulevard • Montgomery, Alabama 36117
Telephone (334) 260-9733 • Fax (334) 260-9735

MATTHEW S. OKONKWO
#1196002
McRae Facility
P.O. Drawer 30
McRae, GA 31055

July 3, 2007

Russel T. Duraski
Attorney At Law
6332 Woodmere Blvd,.
Montgomery, AL 36117

Dear Mr. Duraski:

Re: U.S.A v. OKONKWO: Case No.: 06:Cr-101-MHT


I write to acknowledge the receipt of the parcel containing my
trial transcripts and the cover letter dated June 27, 2007. Thank
you for honoring my request for the transcripts. Unfortunately  I
was not aware that the brief has been filed and I did not receive
any copy of it along with the record excerpts as indicated in
your letter.

Presumably, you may have mistaken me with one of your clients,
hence, check properly with your mailing log as to whom the brief
was sent to. Actually, every legal mail sent to this facility, is
logged upon delivery to inmates, so I am convinced that the brief
at issue was not sent here.

And if I may remind you, during our second meeting sometime in
April, 2007, you informed me that you will prepare the brief and
make it available to me for review before filling. However, since
that conversation, I have not heard from you, neither did you
respond to any of my letters, nor accept any of my phone calls.
Albeit, I did state these facts in my letter of June 26, 2007,
but wish to reiterate it here for reasons of its importance and
my disappointment.

Nonetheless, in my notice of appeal, I stated some of the grounds
for my appeal, and which are as follows:

        1. Incompetent and Ineffectiveness of my trial counsel.

        2. The government's prejudicial withholding of majority
           of the discoveries used as evidence. In other words,
           I was not given majority of the government's evidence.

The above are to be included, in addition to other grounds. But
since you did not visit me at Prattville, Alabama, as arranged to
review the brief before filling it, please rush copies to me for

review and for possible corrections, if any. Again, I have been tryi g to get in touch with you by phone, but as always, all my efforts has so far proved abortive. I plead with you to at least answer my call. These calls are direct and not collect so you don't have worry about paying any phone bills. Don't treat me like Mr. Buner did.

While thanking you again for the parcel containing the transcripts, I look forward to receiving the brief expediently.

Sincerely,

Matthew S. Okonkwo.



MATTHEW S. OKONKWO
#11926-002
McRae Facility
P.O. Drawer 30
McRae, GA 31055


July 16, 2007

Russel T. Duraski
Attorney At Law
6332 Woodmere Blvd.,
Montgomery, AL 36117

Dear Mr. Duraski,

Re: APPEAL OF UNITED STATES V. OKONKWO

I have received copies of your brief and the government's reply along with the cover letter, dated July 2, 2007. These documents were received on July 7, 2007, hence, I give thanks. You noted that my allegations against you are outrageous. However, the allegation against you are true, given that I have no reason to lie. What is outrageous, quite frankly is your insinuations. Nonetheless, that is not the objective of this letter.

The main objective of this letter is about the **brief** that you prepared and filed wihtout my knowledge (i.e without the opportunity to review the brief prior to submission to the court). The issue you raised is only part of the issues we discussed. You deliberately ignored those grounds of appeal that will yield positive results and filed an issue that is bound to be rejected by the appellate court. Seemingly, you have something ominous in your mind, which is detrimental to my appellate case. Factually, there has never been an attorney-client relationship between you and I right from the beginning of your accepting my case.

Please, let me know if you will be able to correct this grave mistake, by preparing a supplemental appellate brief with the issues that are listed in my appeal notice, and in keeping with our discussions and confirmed in my follow up letters.

However, whether you are able to correct this intentional mistake or not, I need to hear from you. Wherefore, I don't hear from you within a week, I will turn to the court and ABA for help. Suffice it to say that my rights to counsel as provided by the Sixth Amendment was violated by you, and the only remedy is for you to correct the obvious errors, as herein requested.

Sincerely,

Matthew S. Okonkwo, pro-se


cc: file/MSO

# RUSSELL T. DURASKI

*Attorney At Law*

Licensed in Alabama and Georgia

August 17, 2007

Matthew S. Okonkwo
# 11926-002
Mcrae Facility
Post Office Drawer 30
McRae, Georgia  31055

      RE:  Appeal
         *USA v. Okonkwo; 07-10451-HH*

Dear Mr. Okonkwo:

    Enclosed please find a copy of the Court's opinion denying your appeal. At this point there is nothing else I can do for you. As I told you in the beginning, you really have no solid basis for an appeal. Good luck to you.

    If you have any questions, please contact me at the address or telephone number shown below.

    Thank you for your assistance in this matter.

                Sincerely,

                Russell T. Duraski