IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW OKONKWO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv1062-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Based on the court's review of the 28 U.S.C. § 2255 motion, the government's answer, and the supporting and opposing submissions filed in this case, the court concludes that the petitioner, Matthew Okonkwo, raises the following grounds for relief:

The petitioner asserts that he received ineffective assistance of counsel for the following reasons:

1.   Trial counsel failed to prepare adequately for trial, failed to investigate the petitioner's case, and failed to consult with him about the facts of his case, potential witnesses, and potential defenses.

2.   Trial counsel failed to present evidence in the petitioner's defense and failed to impeach the government witnesses who lied under oath and testified falsely against the petitioner.   Appellate counsel also failed to present this issue.

3.   Trial counsel failed to investigate, and thus had no understanding of, the manner of operation of the petitioner's tax preparation business.

4.     Trial counsel failed to adequately advise the petitioner to consider the government's plea offer.

5.     Trial counsel failed to investigate and present a statute of limitations defense.

6.     Trial counsel was not present during the presentence interview with the probation officer.

7.     Trial counsel failed to investigate and present mitigating evidence at sentencing.

8.     Trial counsel failed to object to the restitution order.

9.     The cumulative effect of trial counsel's errors prejudiced the petitioner's defense.

10.    Appellate counsel filed a brief containing an irrelevant issue rather than issues the petitioner discussed with counsel and which would have yielded a favorable result.

Before further action, the court concludes it is appropriate to ensure that it has identified all issues that the petitioner has raised.  Accordingly, it is

**ORDERED that on or before December 17, 2009,** the petitioner shall identify any issue or issues not listed above that were raised in his 28 U.S.C. § 2255 motion or supporting submissions by specific reference to the page of the motion or supporting submission where the issue is raised.

**<u>This is not an opportunity to raise new issues</u>**.  If the petitioner desires to raise new

2

issues, he must do so by a separate motion to amend.

Done this 7th day of December, 2009.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE